```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

TIFFANY FRAZIER,                          MEMORANDUM AND ORDER
                                               15 CV 6531 (KAM)
                Plaintiff,

        -against-

NEW YORK STATE ADMINISTRATION FOR
CHILDREN SERVICES,

                Defendant.
------------------------------------------------------------------
```
**MATSUMOTO, United States District Judge:**

By order dated November 6, 2015, the United States District Court for the Southern District of New York transferred the instant action to this Court. Plaintiff Tiffany Frazier, proceeding pro se, brings this action against the New York Administration for Children's Services ("ACS") seeking monetary damages for defamation and emotional distress. The court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed below, however, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## BACKGROUND

The following facts are drawn from plaintiff's pleading, the allegations of which are assumed to be true for purposes of this decision. An allegedly false report of possible maltreatment or neglect of plaintiff's child was filed by

1

plaintiff's mother and the girlfriend of plaintiff's brother. Thereafter, plaintiff was offered services. (ECF No. 1, Complaint ("Compl.") ¶ III.) She was informed that if she failed to accept the services she would be taken to Family Court where her child would be removed from her care and custody. (*Id.*) Plaintiff contends that her caseworker was "aggressive" and, as a consequence, plaintiff suffered mental and emotional injuries including a severe anxiety attack. (*Id.* ¶ IV.) She further avers that she took medication which then caused her to experience a panic attack and attempt suicide. (*Id.*) Plaintiff is seeking monetary damages. (*Id.* ¶ V.)

## **DISCUSSION**

*A. Legal Standard*

At the pleadings stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citation omitted). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys. Courts are required to construe pro se complaints liberally and to interpret them as

raising the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an in forma pauperis action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

*B. Analysis*

At the outset, the court notes that plaintiff incorrectly identifies the only defendant — ACS — as a New York state agency; in fact, ACS is the child protective service agency for the City of New York. *See Graham v. City of New York*, 869 F. Supp. 2d 337, 348 (E.D.N.Y. 2012) ("ACS is an agency of the City of New York . . . ."). As an agency of the City of New York, ACS cannot be sued independently. *See Carpenter v. City of New York*, No. 09-CV-4524, 2010 WL 2680427, at *4 (E.D.N.Y. June 30, 2010) ("All plaintiffs seeking to sue an agency of the City of New York must sue the City directly."); *Heneghan v. New York City Admin. for Children's Servs.*, No. CV-03-2992, 2006 WL 2620430, at *7 (E.D.N.Y. Sept. 12, 2006) ("Defendant is correct that agencies of the City of New York cannot be sued in their own names; the proper defendant is the City of New York."); *see also Graham*, 869 F. Supp. 2d at 348. Thus, plaintiff's claims against ACS must be

3

dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, the Eleventh Amendment to the United States Constitution generally bars a federal suit by a citizen against a state or one of its agencies, absent consent to suit, an express statutory waiver of immunity, or claims brought pursuant to the *Ex parte Young* doctrine. *See Lapides v. Bd. of Regents of Univ. of Ga.*, 535 U.S. 613, 618 (2002); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Accordingly, to the extent that plaintiff may seek monetary damages against an undetermined state family services agency, her claim would be barred by the Eleventh Amendment. *See e.g.*, *Deadwiley v. New York State Off. of Children & Fam. Servs.*, 97 F. Supp. 3d 110, 114-15 (E.D.N.Y. 2015).

Plaintiff alleges state law claims of defamation and intentional infliction of emotional distress. "District courts may decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Spiegel v. Schulmann,* 604 F.3d 72, 78 (2d Cir. 2010). Because the court has dismissed any possible federal claims against defendant for failure to state a claim upon which relief may be granted, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims for defamation and intentional infliction of emotional distress, or any other state law claims.

The court will, however, permit plaintiff an opportunity to amend her complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000) ("A pro se plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). In her amended complaint, plaintiff should provide a basis for the exercise of federal jurisdiction and name a defendant that can be sued in federal court in a suit for damages. Plaintiff is encouraged to contact the City Bar Justice Center FedPro Clinic attorney to make an appointment for information, advice, and limited scope legal assistance free of charge. The annexed information sheet contains more information about the Center.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the earlier complaint. Therefore, it is important that plaintiff include in the amended complaint all the necessary information that was contained in the original complaint.

5

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court grants plaintiff twenty-one (21) days from the date of service of this order to amend her complaint in conformity with this order. In particular, plaintiff should provide a basis for the court's exercise of jurisdiction over her suit and name a defendant who can be sued for damages — presuming this is the only relief plaintiff seeks, as it is the only type specified in her complaint — in federal court. Should plaintiff fail to comply with the court's order, the court will dismiss plaintiff's action with prejudice.

**SO ORDERED.**

_____/s/_____

KIYO A. MATSUMOTO
United States District Judge

Dated:
Brooklyn, New York
January 4, 2016