```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
```
TIFFANY FRAZIER,

    Plaintiff,      **MEMORANDUM & ORDER**
                15-CV-6531 (KAM) (LB)
   -against-

MS. SERRANO WILLIAMS and
MS. OJO, as employees of the
New York City Administration
for Children's Services

    Defendants.
```
--------------------------------x
```
**MATSUMOTO, United States District Judge:**

   Plaintiff Tiffany Frazier, proceeding *pro se*, filed this action seeking damages for defamation and emotional distress against the New York City Administration for Children's Services ("ACS") in the United States District Court for the Southern District of New York. (ECF No. 2, Complaint ("Compl.").) The action was transferred to this court on November 6, 2015. (ECF No. 3.) On January 4, 2016, the court granted plaintiff's request to proceed *in forma pauperis* (*see* ECF No. 1), dismissed the complaint for failure to state a claim upon which relief may be granted, and granted leave to file an amended complaint within 21 days. (ECF No. 6 ("1/4/16 Order").) Plaintiff subsequently amended her complaint, naming only two ACS officials. (ECF No. 7, Amended Complaint ("Am. Compl.").) For the reasons discussed below, the Amended Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff's initial complaint alleged that her mother and her brother's child's mother filed a false report with ACS — New York City's child protective agency — charging that plaintiff had neglected her child. (Compl. at ¶ III(C).) Acting on the report, ACS employees subsequently informed plaintiff that if she failed to accept social services, she would be taken to Family Court where her child would be removed from her care and custody. (*Id.* at ¶ III(B).) In response to a request by an ACS supervisor overseeing her case, plaintiff alleged that she took medication — apparently prescribed to plaintiff to help her cope with her anxiety and depression — which caused her to experience a panic attack and attempt suicide. (*Id.* at ¶ IV.) In dismissing plaintiff's first complaint, which named only ACS (*see* Compl. at ¶ 1(B)), the court held that ACS was a city agency that could not be sued independently. (1/4/16 Order at 3-4.)

Plaintiff thereafter timely filed the Amended Complaint, from which the following facts, assumed true for purposes of this decision, are drawn. The gravamen of plaintiff's Amended Complaint is that ACS officials Serrano Williams and "Ms. Ojo"[1] acted

---

[1] Plaintiff does not provide Ms. Ojo's first name in the Amended Complaint.

improperly in their investigation of complaints about plaintiff's care of her child. Plaintiff avers that she was "forced" by ACS officials to take part in "preventive services"[2] after her urine tested positive for the presence of "a low level of THC."[3] (*Id.* at ¶ III(c).) She was offered the opportunity to take a second drug test two weeks later. (*Id.*) She declined, however, because she avers that THC remains in the body for 30 days and she was afraid that a second positive test would result in the removal of her child from her custody. (*Id.*)

Plaintiff also alleges that the child protective proceedings aggravated her depression and caused her to suffer a severe panic attack. (*Id.* at ¶¶ IV-V.) Further, after plaintiff signed medical release forms, she claims that ACS officials falsely stated that she was bipolar. (*Id.* at ¶ V). Plaintiff, however, has not alleged that she lost custody of her child. (*See id.* at ¶ IV-V.)

Plaintiff brings four claims alleging: (1) a violation of her due process rights under 42 U.S.C. § 1983 ("§ 1983"); (2)

---

[2] Preventive services are designed to keep children out of foster care by addressing issues including mental health, substance abuse, domestic violence, and special medical needs. *See* Preventive Services, *NYC Administration for Children's Services*, http://www1.nyc.gov/site/acs/child-welfare/preventive-services.page.

[3] THC is short for tetrahydrocannabinol, the "active ingredient in marijuana." *See* Marijuana, National Institute of Health, U.S National Library of Medicine, MedlinePlus, http://www.nhtsa.gov/people/injury/research/job185drugs/cannabis.htm.

racial discrimination under § 1983; (3) harassment under state law; and (4) defamation under state law.[4] (Am. Compl. at ¶ II(B)) Plaintiff seeks monetary damages. (*Id.* at ¶ V.)

**LEGAL STANDARD**

Title 28 U.S.C. § 1915(e)(2), which governs *in forma pauperis* proceedings, provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted).

---

[4] Although plaintiff did not specify the particular statutory vehicle for her due process or racial discrimination claims, the court construes both as arising under § 1983. *See Gaddy v. Waterfront Comm'n*, No. 13-CV-3322, 2014 WL 4739890, at *3, *5-6 (S.D.N.Y. Sept. 19, 2014) (construing racial discrimination claims against quasi-public entity as arising under § 1983). With respect to plaintiff's third claim, which alleges harassment, New York courts "are divided as to whether New York law recognizes harassment as an independent tort." *Poulos v. City of New York*, No. 14-CV-3023, 2016 WL 224135, at *3 (S.D.N.Y. Jan. 19, 2016) (collecting cases). The court will assume for purposes of this decision that New York state law recognizes harassment as a separate cause of action. The court construes plaintiff's fourth claim, for defamation, as arising under New York common law. *See Varela v. City of Troy*, No. 10-CV-1390, 2014 WL 2176148, at *1, *2 (N.D.N.Y. May 22, 2014) (construing defamation claim against city officials as "arising under New York State common law").

In evaluating whether a pleading states a claim for relief, courts "must accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party's favor," but "need not accord legal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks, citations, and alterations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). *Pro se* documents, however, are to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Thus, a court must read a *pro se* complaint with "special solicitude," *Ruotolo* v. *I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), and must interpret it to raise the strongest claims it suggests. *See Triestman* v. *Fed. Bureau of*

5

*Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

I. *Federal Claims*

Plaintiff has raised two federal claims: one for a due process violation and the second for racial discrimination. Plaintiff has stated no facts in her complaint that would even remotely support the viability of a racial discrimination claim under § 1983. She has not even stated her own race. "Conclusory allegations of racial discrimination are insufficient to maintain a § 1983 action." *McMillan v. Togus Reg'l Office, Dep't of Veterans Affairs*, 120 F. App'x 849, 852 (2d Cir. 2005); *see also Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996). Accordingly, the racial discrimination claim is dismissed with prejudice.

Plaintiff's due process allegations are more substantive. Three central allegations in the Amended Complaint relate to a purported due process violation: (1) defendants allegedly forced plaintiff to accept services from ACS after she tested positive for THC; (2) defendants allegedly "insisted" that plaintiff take a medication that had been prescribed to plaintiff,

6

but which defendants knew carried negative side effects; and (3) defendants allegedly misstated the nature of plaintiff's mental conditions by maintaining that she was bipolar. (Am. Compl. at ¶¶ III-V.) Because it is unclear whether plaintiff has raised a substantive or procedural due process claim, the court will analyze both.

    A.    <u>Procedural Due Process</u>

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) (citation omitted). Parents have a fundamental liberty interest in the "care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Kia P. v. Mcintyre*, 235 F.3d 749, 759 (2d Cir. 2000); *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999); *Graham v. City of New York*, 869 F. Supp. 2d 337, 349 (E.D.N.Y. 2012). Accordingly, as "a general rule . . . *before parents may be deprived* of the care, custody, or management of their children without their consent, due process – ordinarily a court proceeding resulting in an order permitting removal – must be accorded to them." *Nicholson v. Scoppetta*, 344 F.3d 154, 171 (2d Cir. 2003) (emphasis added) (internal quotation marks and citation omitted). The failure to afford parents pre-

removal due process may give rise to a Fourteenth Amendment procedural due process claim. *See Tenenbaum*, 193 F.3d at 593.

Where a state actor has not removed a child from a parent's custody, however, there has been no deprivation entitling a parent to procedural due process. *See Daniels v. Murphy*, No. 06-CV-5841, 2007 WL 1965303, at *4 (E.D.N.Y. July 2, 2007) ("[B]ecause plaintiff does not allege that a state actor removed a child from a parent's custody, the complaint fails to present circumstances that would trigger plaintiff's entitlement to the procedures that must be afforded to a parent when the coercive power of the State seeks to separate them from their children." (internal quotation marks and citation omitted)); *see also Brennan v. Cty. Of Broome*, No. 09-CV-677, 2011 WL 2174503, at *8-9 (N.D.N.Y. June 2, 2011) ("Plaintiff also fails to present a viable procedural due process claim against Defendant based upon his liberty right to the custody of his son. Again, the claim fails because Defendant did not remove the child from Plaintiff's custody." (citation omitted)); *cf. Bryant*, 692 F.3d at 218 (recognizing "deprivation" requirement of a procedural due process claim).

Here, plaintiff has a protected liberty interest in the custody of her son. *See Troxel*, 530 U.S. at 65; *Mcintyre*, 235 F.3d at 759. She has failed, however, to establish a deprivation that would have entitled her to procedural due process because she never alleges that she lost custody of her son. The Amended Complaint

8

instead states that plaintiff has retained custody of her son. (*See* Am. Compl. at ¶ V ("Ms. Ojo called to threaten me to sign a new [HIPAA] form *or she would go to court to remove my son*." (emphasis added)); *id.* at ¶ IV ("Ms. Ojo insisted I take [medication] cause my child would be removed had I not . . . .").) Without suffering a deprivation of custody, plaintiff cannot state a procedural due process claim. *See Brennan*, 2011 WL 2174503, at *8-9; *Daniels*, 2007 WL 1965303, at *4.

B. <u>Substantive Due Process</u>

In addition to their procedural due process rights outlined above, parents have a "substantive right under the Due Process Clause to remain together with their children without the coercive interference of the awesome power of the state." *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012) (internal quotation marks, citation, and alterations omitted). The Second Circuit "has adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context. An investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse" or neglect. *See Wilkinson v. Russell*, 182 F.3d 89, 104 (2d Cir. 1999) (internal quotations marks and citations omitted).

Just as plaintiff was required to establish loss of custody to state a procedural due process claim, she must establish

9

loss of custody to state a substantive due process claim. *See Oglesby v. Eikszta*, 499 F. App'x 57, 60-61 (2d Cir. 2012) (finding no substantive due process violation where "plaintiffs admit that they never lost custody of any of their children"); *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 276 (2d Cir. 2011) ("Where there is no actual loss of custody, no substantive due process claim can lie." (citations omitted)); *see also Nicholson*, 344 F.3d at 172 (holding that *ex parte* removal of a child to "safeguard the child until a court hearing is practicable" does "not infringe on any of the [parent-]plaintiffs' substantive due process rights"); *Joyner ex rel. Lowry v. Dumpson*, 712 F.2d 770, 778 (2d Cir. 1983) (finding no substantive due process violation in the case of a temporary custody transfer under New York's foster care statutes in part because the transfer did "not result in [the] parents' wholesale relinquishment of their right to rear their children").

Because plaintiff has not lost custody of her children (*see supra* Discussion, Part I-A), she cannot state a claim for a substantive due process violation. *See Cox*, 654 F.3d at 276 ("Where there is no actual loss of custody, no substantive due process claim can lie.").

II. *Supplemental Jurisdiction Over State Law Claims*

In addition to asserting constitutional violations, plaintiff raises state law claim of defamation and harassment. "District courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010). Because the court has dismissed any possible federal claims against defendants for failure to state a claim upon which relief may be granted, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims for defamation and harassment.

III. *Opportunity to Amend*

The court has already permitted plaintiff to amend her complaint. The Amended Complaint fails to allege any specific facts that would give rise to a plausible claim against defendants. Plaintiff has failed to establish that her second amendment to her complaint is more fruitful than the first. Accordingly, the court will not permit plaintiff to file a second amended complaint. *See Best v. City of New York*, No. 12-CV-7874, 2014 WL 163899, at *3, *11-12 (S.D.N.Y. Jan. 15, 2014) (noting that where a plaintiff has been given notice of deficiencies and the opportunity to amend her complaint, a court is not required to permit the filing of a second amended complaint).

## CONCLUSION

For the foregoing reasons, the Amended Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and the case is closed. Any appeal must be filed within 30 days of the date of this memorandum and order. *See* Fed. R. App. P. 4(a)(1)(A). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to mail a copy of this memorandum and order to the plaintiff along with an appeals package, and note service on the docket.

**SO ORDERED.**

_____/s/_____
Kiyo A. Matsumoto
United States District Judge

Dated: May 9, 2016
Brooklyn, New York